# STATE OF OREGON, *Appellant,*
## *v.*
# LOREN DELBERT SMITH, *Respondent.*
## (No. 31987, CA 8790)

582 P2d 26

John W. Burgess, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for respondent. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

The state appeals an order dismissing an information charging defendant with being an exconvict in possession of a firearm (ORS 166.270) on the grounds of former jeopardy.

Defendant was charged in two separate informations, which were tried together to a jury upon the state's representation that the charges arose out of the same incident. The first information alleged the defendant

> "* * * did unlawfully and intentionally attempt to cause physical injury to Charles Francis Holt by means of a deadly weapon, to-wit: a pistol, by firing said pistol at the [victim] * * *."

The second information charged that he

> "* * * did unlawfully and knowingly have in his possession and under his control a firearm capable of being concealed upon the person, to-wit: a pistol having previously [been convicted of a felony] * * *."

The jury returned a verdict of not guilty on the attempted assault charge but reported it was unable to agree on a verdict respecting the other charge. The court accepted the not guilty verdict, discharged the jury and ordered the other charge be continued for a new trial. Defendant subsequently moved for dismissal of the exconvict in possession of a firearm charge on the grounds of former jeopardy. The motion was granted.

Evidence produced at the trial indicates the following sequence of events. Defendant and the victim of the assault are related and had been involved in a continuing dispute concerning interfamily relations. On the day of the incident, which produced the charges, defendant and the victim were driving on a rural road in separate vehicles. Defendant stopped the victim's car and an argument ensued. Defendant drove away and the victim followed in his automobile. When the victim drove alongside defendant's vehicle, the

victim saw defendant point a pistol at him and fire. Neither the victim nor his automobile were struck.

A passenger in defendant's vehicle testified that as the victim overtook their vehicle defendant asked the passenger to hand him a pistol from the glove compartment. He stated defendant took the pistol and fired it into the air above the victim's automobile.

Defendant testified the alleged weapon was a metal replica of a .32 caliber automatic pistol capable of firing only .32 caliber blank cartridges. He stated if a live round of ammunition were fired in the pistol it would explode. He testified he fired the pistol into the air above the victim's car as a prank to frighten him.

Following the incident, defendant gave the pistol to his brother, who testified he fired two live .22 caliber shells in the pistol and struck a tree he was shooting at. Defendant subsequently retrieved the pistol and threw it in the river. It was not located nor introduced as evidence in the trial. A subsequent search of defendant's vehicle disclosed a spent .22 caliber casing.

Defendant argues the appeal should be dismissed because the state is not authorized to appeal an order, after trial, dismissing an accusatory instrument. The authority of the state to appeal is found in ORS 138.060:

> "The state may take an appeal from the circuit court or the district court to the Court of Appeals from:
>
> "(1) An order made prior to trial dismissing or setting aside the accusatory instrument;
>
> "* * * * *."

This section was amended in 1973. The former language provided the state could appeal from "[a]n order sustaining a plea of former conviction or acquittal." In discussing the deletion of this specific provision, the Criminal Law Revision Commission stated:

> "This section [ORS 138.060] is amended to: * * * (3) Delete the reference to an order sustaining a plea of

former conviction or acquittal (former jeopardy will be raised by a motion to dismiss under the proposed code [ORS 135.470] and an order granting such motion would therefore be appealable under subsection (1) of ORS 138.060) * * *." Proposed Oregon Criminal Procedure Code (1972) at 241.

■ A defendant is in danger of double jeopardy only if he faces a trial on issues he claims he has previously faced. The motion for dismissal on former jeopardy grounds relates to the impending trial. The previous proceeding is material only for the evidentiary value in sustaining the claim of former jeopardy. ORS 135.520 requires a motion for dismissal to be made prior to trial. In the context of a motion, made on the grounds of former jeopardy, the defendant seeks to halt the impending trial. It is thus a motion made prior to that trial and an order granting the motion is appealable by the state under ORS 138.060(1). The deletion of the specific authority of the state to appeal adverse former jeopardy rulings did not remove the state's right to appeal. The statute, as the commentary indicates, treats such a ruling as a pretrial order for purpose of appeal.

■ On the merits of the motion to dismiss, defendant relies upon the concept of collateral estoppel. In *Ashe v. Swenson,* 397 US 436, 90 S Ct 1189, 25 L Ed 2d 469 (1970), the Supreme Court held that collateral estoppel—the principle that bars relitigation between the same parties of issues actually determined in a previous trial—is an ingredient of the constitutional protection against former jeopardy. The crux of the test in determining if collateral estoppel bars the second trial is whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration. *State v. Mozorosky,* 277 Or 493, 561 P2d 588 (1977). The trial court, in its memorandum opinion, concluded:

"* * * There was evidence from which the jury could have found that a cap, and not a regular cartridge, was fired. The jury no doubt found that the device used was

not 'a deadly weapon, to-wit, a pistol.' There was no other issue on which the jury could have reached its verdict."

■ Defendant argues the issue he seeks to foreclose from consideration at the second trial is whether he possessed a firearm. He contends the common issue in both charges is whether the pistol is specially designed for and capable of inflicting death or bodily injury as defined in the court's instructions to the jury. It is argued the jury acquitted him because it had a reasonable doubt whether the pistol was a weapon. It follows, he contends, the issue of the pistol's capabilities has been determined and cannot be relitigated.

The inquiry is not, as posed by the defendant, that the jury could have decided a critical issue common to both charges, but whether the previous jury, acting rationally, could have based its decision on an issue other than the one sought to be barred.

There was conflicting evidence as to whether defendant had fired the pistol directly at the victim. Defendant and his passenger testified he fired into the air above the victim's automobile. The jury could have concluded the pistol was capable of firing live ammunition and inflicting bodily injury, but decided defendant did not intend to assault the victim, or that in this instance he fired a blank cartridge. If, as the defendant contends, the jury had a reasonable doubt the pistol was a deadly weapon, it seems the jury would have had little trouble acquitting him of the second charge since the definition of weapon, in the attempted assault charge, and of firearm, in the second charge, as given by the court was the same. It was error to grant the motion to dismiss.

Reversed and remanded.